## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LEMUEL NELSON,
      Plaintiff,

vs.

PHILLY STEAK SHOP INC.
*d/b/a* PHILLY STEAK SUB SHOP,
a Florida corporation,
*and* SMITH CHARLES E III, an individual,
*and* SMITH MARYELLEN, an individual,

      Defendants.
_____/

### COMPLAINT

Plaintiff, LEMUEL NELSON, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this complaint and sues PHILLY STEAK SHOP INC. *d/b/a* PHILLY STEAK SUB SHOP, a Florida corporation, *and* SMITH CHARLES E III, an individual as owner of the real property, *and* SMITH MARYELLEN, an individual as owner of the real property, (hereinafter referred to collectively as the "Defendants"), for declaratory and injunctive relief, attorney's fees, litigation expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12181, et. Seq. ("Americans with Disability Act" or "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and alleges as follows:

### JURISDICTION AND VENUE

**1.**     The Court is vested with original jurisdiction over this action pursuant to 28

U.S.C. §1331 and §1343 for Plaintiff' claims arising under 42 U.S.C. § 12181, et. Seq., based on the Defendant's violations of Title III of the Americans with Disability Act (see also, 28 U.S.C. §2201 and §2202).

**2.**     Venue is proper in this Southern Division Court pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Southern District of Florida in that the events giving rise to this lawsuit occurred in Broward County, Florida.

## PARTIES

**3.**     Plaintiff, LEMUEL NELSON, is a resident of the State of Florida and this judicial district, and is an individual with disabilities as defined by and pursuant to the ADA. At the time of the Plaintiff's visit to PHILLY STEAK SUB SHOP, and prior to instituting this action, the Plaintiff suffered from a "qualified disability" under the Americans with Disability Act and used a wheelchair for mobility. Lemuel Nelson is paralyzed due to a spinal cord injury and therefore the Plaintiff is confined to a wheelchair and is forced to use and depend on his wheelchair for mobility. Plaintiff, Lemuel Nelson, therefore has a "qualified disability" under the Americans with Disability Act. The Plaintiff personally visited PHILLY STEAK SUB SHOP, and encountered illegal barriers to access, resulting in denial of full and equal access to the property and full and equal enjoyment of the facilities, services, goods, and amenities within PHILLY STEAK SUB SHOP, which is the subject of this suit. Plaintiff has suffered direct injury as a result of the Defendants' actions or inactions described herein. Prior to instituting the instant action, the Plaintiff personally visited the Defendants' Subject Facility and was personally limited by the barriers present at the Defendants' Subject Facility. Such barriers constitute discrimination prohibited by the ADA. The Plaintiff will visit the premises in the

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

imminent future to avail himself of the goods and services offered to the public at the property but fears continued discrimination as a result of the ADA violations therein.

4.      The Plaintiff intends to gain access into and use the restaurant and/or bar and/or club owned by Defendants within six month, or sooner, to use the facility as a patron, as well as a tester,  as members of the able-bodied community are presently able to do, but has and will continually be denied such access as a result of the Defendants' failure to comply with the ADA.

5.      The Defendants are authorized to conduct and is conducting business within the State of Florida. The Defendant, PHILLY STEAK SHOP INC. *d/b/a* PHILLY STEAK SUB SHOP, a Florida corporation,, is a lessee and/or operator of the real property (hereinafter the "Subject Facility"), and the owner of the improvements where the Subject Facility which is the subject of this suit, and also maintains and controls the subject property. The Subject Facility is located at 6025 Miramar Parkway Miramar, Florida 33023. Upon information and belief, SMITH CHARLES E III, an individual as owner of the real property, *and* SMITH MARYELLEN, an individual as owner of the real property, an individual as owner of the real property, is the owner and/or the lessors of the real property where the Subject Facility is located which is the subject of this action, the restaurant and/or shop commonly referred to as PHILLY STEAK SUB SHOP, located at 6025 Miramar Parkway Miramar, Florida 33023 (hereinafter and heretofore the "Subject Facility") which also maintains and controls the subject real property.

## AMERICANS WITH DISABILITY ACT

6.      On July 26, 1990, Congress enacted the Americans with Disability Act ("ADA")

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

42 U.S.C. § 12181, et. Seq.  in order to ensure equal opportunity for persons with disabilities in employment, State and local government services, public accommodations, commercial facilities, and transportation.

**7.**     The congressional legislation provided commercial businesses one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less.  42 U.S.C. §12181, et. Seq; 20 C.F.R §36.508(a).

**8.**     Congress found, among other things, that:

    i.      some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

    ii.      historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    iii.      discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

    iv.      individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

    v.      the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity,

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

4

**9.**     Congress explicitly stated that the purpose of the ADA was to:

     i.     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

     ii.     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

     iii.     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

**10.**     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the

Department of Justice, Office of the Attorney General, promulgated federal regulations to

implement the requirements of the ADA. 28 CFR Part 36. Under the Americans with

Disabilities Act Accessibility Guidelines (hereinafter "ADAAG") the Department may

obtain civil penalties of up to $55,000 for the first violation and $110,000 for any

subsequent violation.

## VIOLATIONS OF THE AMERICANS WITH DISABILITY ACT

**11.**     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §366.104, PHILLY STEAK SUB

SHOP is a place of public accommodation in that it is a restaurant and/or bar and/or shop

and/or take out which provides goods and/or  services and/or entertainment to the public.

Therefore, since the facilities that are the subject of this action are public

accommodations as delineated and covered by the ADA, they must be in compliance with

ADA.

**12.**     On May 5, 2014 on or about the afternoon hours, the Plaintiff visited

PHILLY STEAK SUB SHOP as a patron.  Upon viewing all the violations, which

precluded him from his full use and enjoyment of the facility, the Plaintiff also became a

tester of the facility. Plaintiff used the facility as a patron. Plaintiff has full intention of

returning in the near future-within the next 6 months or sooner as a patron and/or a tester.

13.     The Defendants have discriminated, and continue to discriminate, against the

Plaintiff, and others who are similarly situated, by denying them full access and equal

enjoyment of the building, goods, accommodations, and services due to the Defendants'

failure to provide for Plaintiff's equivalent participation in Defendants' facilities, as

prohibited by 42 U.S.C. §12182(b)(2)(A)(iv) and 42 U.S.C. §12101 & §1282 et. Seq..

The Defendants further are in violation by failing to remove architectural barriers

pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily accessible.

14.     The Plaintiff desires to use the Defendants' facility in the near future but is

precluded from doing so as a result of Defendants' ADA violations set forth herein.

15.     Defendant is in violation of 42 U.S.C. §12181 et seq., and 28 CFR 36.302 et. seq.,

and 42 U.S.C. §12182 et seq., and is discriminating against the Plaintiff by failing to,

inter alia, the following specific violations:

### *PARKING*

    i.     Failure to provide the minimum number of handicap spaces at the Subject

        Facility that comply with the requirements of 28 C.F.R. Part 36 Section 4.6.3,

        and are located on the shortest route of travel to the Subject Facility's main

        entrance as required by 28 C.F.R. Part 36 Section 4.6.2; as well as a compliant

        walkway from said handicap spaces to the Subject Facility's main entrance;

    ii.     Failure to provide one in every eight accessible spaces, but not less than one,

        with an accessible 144 inch wide minimum, with the designation of "van

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

accessible", as required by 28 C.F.R. Part 36 Section 4.6.4 and Section 4.1.2(5)(b);

iii.   Modify the designated accessible parking spaces to connect directly to an accessible route consistent with Standards §§ 4.3.2; 4.6.3;

iv.   Modify the access aisles of the designated accessible parking spaces so they are demarcated consistent with Standard § 4.6.3;

v.   Modify the designated accessible spaces so that one in every eight accessible parking spaces conforms to the space requirement and is designated as "van accessible" consistent with Standard § 4.1.2 (5)(b);

vi.   Ensure that designated accessible and "van accessible" spaces have appropriate signage, and that the signs cannot be obscured by parked vehicles consistent with Standard § 4.6.4;

vii.   Provide an accessible path of access, with a compliant ramp(s), from the "accessible" parking space(s) to the Subject facilities

viii.   Provide an accessible path of access, without excessive slopes and cross-slopes, and which do not traverse vehicular traffic, from the Subject Facility;

ix.   Provide properly sized and configured accessible parking spaces, without excessive slopes and/or cross-slopes, with complaint access aisles and/or with compliant signage;

x.   Provide an accessible path of access/route, without curbs, excessive changes in level and/or excessive slopes to the Subject Facility;

xi.   Provide a safe, accessible parking at the subject facility;

7

## _PUBLIC WALKWAYS & ENTRANCE_

xii. Remove any obstructions from the walkways throughout the Subject Facility, which is in violation of 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

xiii. Modify walkways to include handicap accessible ramps at the Subject Facility that are compliant with the ADA;

xiv. Provide aisles that are wide enough and in compliance with _ADAAG_ Secs 4.2 and 4.3;

xv. Provide a safe, accessible walkway at the subject facility; currently, the walkway is uneven in violation of the ADA;

xvi. Provide a safe, accessible walkway at the exterior of the subject facility; currently, the walkway is uneven in violation of the ADA;

xvii. Provide an entrance ramp leading to the premises that has an ADA compliant slope and a ramp that has the requisite ½" beveling in violation of _ADAAG_ 4.3.;

xviii. Provide an accessible path of access, without excessive slopes and cross-slopes at the Subject Facility;

xix. Provide an ADA accessible walkway in the exterior  and interior of the facility;

## _WALKWAYS_

i. Remove any obstructions from the walkways throughout the Subject Facility, which is in violation of 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

ii. Modify walkways to include handicap accessible ramps at the Subject Facility that are compliant with the ADA;

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

iii.   Provide aisles that are wide enough and in compliance with *ADAAG* Secs 4.2 and 4.3;

iv.   Provide a safe, accessible walkway at the subject facility  in violation of the ADA;

v.   Provide an entrance ramp leading to the premises that has an ADA compliant slope and a ramp that has the requisite ½" beveling in violation of *ADAAG* 4.3.;

vi.   Provide an accessible path of access, without excessive slopes and cross-slopes at the Subject Facility;

### *INTERIOR SPACES*

vii.   Modify interior and exterior doors to have accessible door hardware, widths, opening resistances, thresholds, offsets, level maneuvering clearances, and closing delays as prescribed by the ADA;

viii.   Provide adequate compliant signage addressing people with disabilities to notify them that accessible services are provided by Subject Facility as required by 28 C.F.R. Part 36 Section 4.30.4;

ix.   Provide a service counter that meets ADA standards; including but not limited to, the service counter located in the subject facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R Part 36, Section 5.2;

x.   Provide a bar/serving counter that meets ADA standards; including but not limited to, the Bar/Serving counter located in the subject facility is higher than

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

34 inches above the finish floor in violation of the requirements of 28 C.F.R Part 36, Section 5.2;

xi.  Provide a hostess stand/cashier desk that meets ADA standards; including but not limited to, the hostess stand/cashier desk located in the subject facility is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R Part 36, Section 5.2;

xii.  Provide accessible seating that complies with *American with Disability Act Accessibility Guidelines* (hereinafter *ADAAG*) Secs. 4.32, 5.1, 5.2, 5.3, and 5.4 et seq.;

xiii.  Provide accessible seating outside the Subject Facility that complies with *American with Disability Act Accessibility Guidelines* (hereinafter *ADAAG*) Secs. 4.32, 5.1, 5.2, 5.3, and 5.4 et seq.;

xiv.  Provide aisles that are wide enough and in compliance with *ADAAG* Secs 4.2 and 4.3;

xv.  Provide doorways that are wide enough and in compliance with *ADAAG;*

xvi.  Provide the maneuvering clearance within the facility as prescribed by the ADA;

xvii.  Provide accessible stage within the Subject Facility that complies with *American with Disability Act Accessibility Guidelines* (hereinafter *ADAAG*);

xviii.  Modify restrooms to be accessible, including failing to:

  i.  Remove any obstructions from the walkway to the restroom in accordance with 28 C.F.R Part 36 Sections 4.3, 4.8, and 4.14;

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

ii.  Provide the required informational signage on the restroom entrance as required by 28 C.F.R Part 36, Section 4.3;

iii.  Modify restroom doors to have accessible door, widths, opening resistances, thresholds, offsets, level maneuvering clearances, and closing delays as prescribed by the ADA;

iv.  Failure to provide the maneuvering clearance within the restroom as prescribed by the ADA;

v.  Provide the requisite maneuvering clearances within the stalls;

vi.  Provide accessible door hardware in the restroom entrance/exit that can be opened with a closed fist in violation of 28 C.F.R Part 36, Section 4.23.9;

vii.  Provide the maneuvering clearance at the entry way of the restroom as prescribed by the ADA;

viii.  Provide the maneuvering clearance at the route to the restroom as prescribed by the ADA;

ix.  Failure to provide the maneuvering clearance within the restroom as prescribed by the ADA;

x.  Provide insulation for the exposed hot water and drain pipes under lavatories to prevent dangerous conditions and serious burns in violation of 28 C.F.R Part 36, Section 4.19.4;

xi.  Provide rear grab bar behind restroom toilet in violation of 28 C.F.R Part 36, Section 4.17.6;

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

xii.   Provide side grab bars that are at least 42 inches long consistent with Standard § 4.17.6; Fig. 30(d);

xiii.   Provide accessible soap dispenser as required by 28 C.F.R Part 36, Section 4.16.6;

xiv.   Provide accessible paper towel dispenser as required by 28 C.F.R Part 36, Section 4.16.6. The maximum height of the paper towel dispensers cannot be more than 48 inches consistent with Standard § 4.2.5;

xv.   Provide accessible toilet paper dispenser as required by 28 C.F.R Part 36, Section 4.16.6;

xvi.   Provide accessible mirror as required by 28 C.F.R Part 36, Section 4.16.6;

xvii.   Provide an accessible lavatory as required by 28 C.F.R Part 36;

xviii.   Provide a lavatory with appropriate clearance as required by 28 C.F.R Part 36;

xix.   Provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatories for accessibility in violation of 28 C.F.R Part 36, Section 4.1 and 4.19.2;

xx.   Provide a lavatory with controls and operating mechanisms that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist in violation of 28 C.F.R Part 36, Section 4.19;

xxi.   Provide accessible toilet as required by 28 C.F.R Part 36, Section 4.16;

xxii.   Provide accessible urinals as required by 28 C.F.R Part 36, Section 4.18.

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

_**EMERGENCY EXIT**_

    xix.    Provide the required informational signage at the emergency exit located at

          Subject Facility;

    xx.    Provide a safe, accessible emergency exit at the rear of the subject facility in

          violation of 28 C.F.R Part 36.

**16.**    Upon information and belief, there are other current violations of the ADA at

PHILLY STEAK SUB SHOP, and only after a full inspection is completed can all

violations be identified. The above listing is not to be considered all-inclusive of the

barriers, conditions or violations encountered by Plaintiff and/or which exist at the

Facility. Plaintiff require an inspection of the Facility in order to determine all of the

discriminatory acts violating the ADA.

**17.**    To date, the readily achievable barriers and other violations of the ADA still exist

and have not been remedied or altered in such a way as to effectuate compliance with the

provisions of the ADA.

**18.**    Pursuant to the ADA,  42 U.S.C. §12101 et seq., and 28 CFR §36.304, and 42

U.S.C. §12182 et seq.,  the Defendants were required to make the Subject Facility, a

place of public accommodation, accessible to persons with disabilities since January 28,

1992. To date, the Defendants have failed to comply with this mandate.

**19.**    Plaintiff has sought and has been, continues to be, and in the future will, be denied

access to the benefits of services, programs, activities of the building and it's facilities,

and have otherwise been discriminated against and damaged by the Defendant, because

of Defendant's ADA violations set forth above, and will continue to suffer such

discrimination, injury and damage without the relief provided by the ADA as requested

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

herein. The barriers at the Subject Facility have effectively denied or diminished the Plaintiff's ability to visit the property and have endangered his safety. Barriers at the property have posed a risk of injury to the Plaintiff, including but not limited to: physical injury, discomfort, and embarrassment.

20.     Any and all requisite notice, if required, has been provided. Furthermore, such notice is not required as a result of Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

21.     The Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this Subject Facility as described but not necessarily limited to the allegations in paragraph 15 of this Complaint

22.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205 and 12117.

23.     Pursuant to 42 U.S.C. 12188, this Honorable Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, closing the subject facility until the requisite modifications are completed.

        **WHEREFORE,** the Plaintiff respectfully request that this Honorable Court find

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

that the Defendants have been and continue to be in violation of the ADA and discriminating against the Plaintiff; and further requests judgment against the Defendants and requests the following injunctive and declaratory relief:

I.   That this Honorable Court declares that the subject property and facility owned, operated, leased, controlled by the Defendants is in violation of the ADA, and issue a permanent injunction enjoining Defendants from continuing its discriminatory practices;

II.  That this Honorable Court enter an Order requiring the Defendant's to alter the subject premises as appropriate to comply with the ADA to make them accessible and usable by individuals with disability;

III. That this Honorable Court order the subject premises closed to the public until the requisite modifications are completed to the full extent required by Title III of the ADA;

IV.  That this Honorable Court award reasonable attorney's fees, all costs (including but not limited to litigation expenses, court costs, and expert fees) and other expenses of suit, to the Plaintiff;

V.   That this Honorable Court retain jurisdiction to assure Defendant's subsequent compliance with the ADA and protect against similar subsequent discrimination by Defendant; and

VI.  That this Honorable Court award any such relief as it deems necessary.

Respectfully submitted,

**The Shemtov Law Firm, P.A.**
*Attorney for Plaintiff*

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com

*By: S/ Tal Shemtov*
**Tal Shemtov, Esquire**
Florida Bar No. 28456
9715 West Broward Blvd. #256
Plantation, Fl 33324
Telephone: (954) 861-9787
Facsimile: (954) 236-3530
SHEMTOVLAWFIRM@YAHOO.COM

Dated: December 10, 2014.

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530
ShemtovLawFirm@Yahoo.Com